IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MANDRIEZ SPIVEY,                              :
                                              :
      Plaintiff,                              :
                                              :
VS.                                           :
                                              :    NO. 5:14-CV-341 (MTT)
JONES COUNTY PUBLIC DEFENDER'S                :
OFFICE, *et al.*,                             :
                                              :
      Defendants.                             :    **O R D E R**

      Plaintiff **MANDRIEZ SPIVEY**, a prisoner confined at the federal penitentiary in Beaumont, Texas, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff apparently wishes to proceed *in forma pauperis* ("IFP"), as accompanying his complaint is a blank copy of this Court's IFP application (Doc. 1, pp. 8-11).

      Plaintiff sues the Jones County Public Defender's Office and an unknown female attorney therein.   He complains about "legal malpractice" associated with a dead-docketed criminal case in Jones County.

      Under 28 U.S.C. § 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding the provision does not violate an inmate's right of access to the courts, the

doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  **Rivera v. Allin**, 144 F.3d 719, 721-27 (11th Cir. 1998).  Moreover, the prisoner must allege a present danger, as opposed to a past danger, to proceed under the imminent danger exception to section1915(g).  **Medberry v. Butler**, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has filed a number of lawsuits in the federal District Courts in Georgia, at least three of which have been dismissed under circumstances that constitute "strikes" for purposes of section 1915(g).[1]  As Plaintiff has three strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception to section 1915(g).   Plaintiff clearly fails to satisfy the "imminent danger" exception.

Based on the foregoing, Plaintiff's apparent request to proceed IFP is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.   If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the entire $400.00 filing fee.   As the Eleventh Circuit stated in **Dupree v. Palmer**, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

An independent reason for dismissing Plaintiff's case is his failure truthfully to complete this Court's complaint form.   Question seven of the form directed Plaintiff to provide specific information regarding every lawsuit he filed while incarcerated.   Question eight of the form asked whether any lawsuits Plaintiff filed in federal court had

---

[1]  **See Spivey v. FCI Atlanta**, 1:14-cv-1760-CAP (N.D. Ga. July 2, 2014); **Spivey v. Owens**, 5:11-cv-300 (WLS) (M.D. Ga. Jan. 25, 2012); **Spivey v. Jackson GDCP**, 5:11-cv-289 (MTT) (M.D. Ga. Sept. 15, 2011); and **Spivey v. Powell**, 5:11-cv-262 (MTT) (M.D. Ga. July 11, 2011).

been dismissed as frivolous, malicious, or for failure to state a claim. Although, as noted above, Plaintiff had filed a number of federal lawsuits and incurred at least three strikes, he answered "N/A" to question seven and "No" to question eight.

Because Plaintiff provided false or incomplete information to this Court, his complaint is subject to dismissal for "abuse of the judicial process." **See Schmidt v. Navarro**, __ F. App'x __, No. 13-11496, 2014 WL 3906465 (11th Cir. 2014) (upholding district court's dismissal of prisoner complaint without prejudice for providing false information on complaint form concerning prior filing history); **Redmon v. Lake County Sheriff's Office**, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* section 1983 action).

The Court additionally notes that the Jones County Public Defender's Office is not a suable entity and that the unknown female public defender is not a state actor subject to liability under section 1983. **See e.g., Polk County v. Dodson**, 454 U.S. 312, 325 (1982) (holding that a public defender does not act under color of state law within the meaning of section 1983). Plaintiff has thus not named a valid defendant in this action.

**SO ORDERED**, this 30th day of September, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

cr